UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDALIA RAMIREZ, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>        Defendants. | Case No. 25-cv-03922-RFL<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**<br><br>Re: Dkt. No. 11 |

      Plaintiffs Idalia Ramirez and Donald Keck brought this putative class action against Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., and Southern California Permanente Medical Group in California state court. In their amended complaint, Ramirez and Keck plead nine causes of action, comprising violations of the California Labor Code, Industrial Welfare Commission Wage Orders, and the Unfair Competition Law, as well as a fraud claim. (*See* Dkt. No. 1 Exhibit G ("Amended Complaint" or "AC") at 23–39, ¶¶ 12–84.) Defendants removed the case to federal court on the basis that the majority of Ramirez and Keck's claims, including their fraud claim, were preempted by section 301 of the Labor Management Relations Act ("LMRA"). (Dkt. No. 1 at 8, ¶¶ 24–25.) Ramirez and Keck now move to remand this action to state court. (Dkt. No. 11.)

      Ramirez and Keck's fraud claim is preempted by section 301 of the LMRA, and the Court has supplemental jurisdiction over their remaining claims. Ramirez and Keck's motion to

1

remand is therefore **DENIED**.  This order assumes the reader's familiarity with the factual allegations, the relevant law, and the parties' arguments.

Section 301 of the LMRA provides federal question jurisdiction for "[s]uits for violations of contracts between an employer and a labor organization."  29 U.S.C. § 185(a).  The "preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization."  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983)).  But preemption under the LMRA is not limited solely to suits that explicitly allege violations of a collective bargaining agreement ("CBA").  Otherwise, parties would be able "to evade the requirements" of section 301 by relabeling contract claims as other state causes of action.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

The Ninth Circuit, in line with the Supreme Court's decision in *Lueck*, has articulated a two-step test to determine whether a cause of action is preempted by the LMRA.

First, a court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law" or a right "grounded in a CBA."  *Burnside*, 491 F.3d at 1059–60.  This inquiry is concerned with the cause of action's "legal character."  *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (citation omitted).  Claims that "arise[] entirely from a right or duty of the CBA" are "CBA dispute[s] in state law garb" and therefore preempted.  *Id*.  On the other hand, claims that merely "refer to a CBA-defined right, rely in part on a CBA's terms of employment, run parallel to a CBA violation, or invite use of the CBA as a defense" are not preempted, as the rights they involve do not arise entirely from the CBA.  *Id*. (citations omitted).

Second, if the right at issue does not exist solely because of the CBA, the court must then consider whether the right is nonetheless "substantially dependent" on the interpretation of a CBA.  *Burnside*, 491 F.3d at 1059–60.  "Interpretation" in this context "is construed narrowly; 'it means something more than "consider," "refer to," or "apply."'"  *Alaska Airlines*, 898 F.3d at 921 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir.

2000)). The fact that a claim might require a court to "refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute, to identify bargained-for wage rates in computing a penalty, or to determine whether the CBA contains a clear and unmistakable waiver of state law rights"—does not mean that the claim substantially depends on the interpretation of a CBA. *Id*. at 921–22 (cleaned up). "[A]lleging a hypothetical connection between the claim and the terms of the CBA" is insufficient to render a claim preempted. *Burnside*, 491 F.3d at 1060 (quoting *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691 (9th Cir. 2001) (en banc)).

Defendants, having removed this case to federal court, bear the burden of showing that the federal courts have subject matter jurisdiction. "[A]ny doubt is resolved in favor of remand." *Radford v. Nexstar Broad., Inc.*, No. 24-cv-08118-RFL, 2025 WL 829601, at *1 (N.D. Cal. Mar. 14, 2025) (quoting *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001)). They have carried that burden here. As the Ninth Circuit has recognized, "federal labor law was intended to provide the exclusive remedy for generic fraud claims relating to rights under a CBA." *Columbia Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union*, 23 F.4th 836, 844 (9th Cir. 2022) (quoting *Hubbard v. United Airlines, Inc.*, 927 F.2d 1094, 1098 (9th Cir. 1991)). Ramirez and Keck's fraud claim is preempted because it arises from rights that exist solely because of the CBA.

In their amended complaint, Ramirez and Keck allege that by failing to pay employees overtime pay for excess hours worked without required breaks, Defendants misrepresented (a) "that they intended" to enter into the CBA, and (b) "the manner in which pay would be calculated for employees who worked overtime" and the working conditions of such employees, as described by the CBA. (AC at 36, ¶¶ 74–75.) Relatedly, Ramirez and Keck allege that Defendants would improperly code overtime hours as standard hours and subsequently misrepresent to its employees that time and payroll was being accurately processed to prevent "double-dipping." (*Id*. at 36–37, ¶¶ 75–77.) According to Ramirez and Keck, "[d]espite

Defendants' agreement to compensate employees such as Plaintiffs based on" the CBA, "Defendants had no intention of compliance with the Agreement." (*Id*. at 36, ¶ 74.)

In so alleging, Ramirez and Keck's fraud claim turns on their contention that Defendants failed to pay their employees for excess hours worked *as agreed to in the CBA*. (*Id*. at 36, ¶ 75 ("Plaintiffs did not waive this agreement or their entitlement to pay in accordance with the Agreement."). Further, as Ramirez and Keck acknowledge, their claim arises from their reliance on Defendants' promise that they "intended to pay employees for work performed" as required by the CBA's provisions. (*Id*. ("The collective bargaining agreement defines the terms and conditions of Plaintiffs employment. Plaintiffs adhered to those terms and conditions to their detriment, working overtime and without breaks without the agreed upon compensation for doing so.").)

Moreover, the rights at issue in this claim, to certain wage rates for certain overtime hours worked, arise solely from the CBA. Per Ramirez and Keck's amended complaint, the CBA represented Defendants' agreement regarding "rates of pay" and "criteria for wage payment and increases therein." (*Id*. at 33–34, ¶ 73.) Several of the CBA's provisions, which are included in the amended complaint as part of Ramirez and Keck's fraud allegations, provide pay rates in excess of California law. For example, under California law, employees are entitled to: (1) one and a half-times the regular pay rate for (a) any work in excess of eight hours in one workday, (b) any work in excess of forty hours in a workweek, and (c) the first eight hours worked on the seventh day of work in any one workweek; and (2) two times the regular pay rate for any work in excess of twelve hours in a workday and any work in excess of eight hours on the seventh day of a workweek. Cal. Lab. Code § 510(a). The CBA governing Ramirez and Keck's employment, however, entitles employees to two-and-a-half times pay for all hours worked in excess of sixteen hours in one day, instead of the double-pay provided under state law. (*Id*. at 35, ¶ 73(d).) The CBA additionally states that an employee is entitled to one-and-a-half times pay for all work performed on the sixth consecutive day of work, even though employees are not required to receive overtime until the seventh day under state law. The CBA also

provides <u>two times pay</u> for all work performed on the seventh day, instead of one-and-a-half times pay under state law. (*Id.*) Ramirez and Keck's fraud claim therefore seeks to vindicate rights to certain wage rates available only under the terms of the CBA, and is not limited merely to referring to a CBA-defined right or relying in part on a CBA provision. *Alaska Airlines*, 898 F.3d at 921. As such, the fraud claim is preempted under section 301.

Exercising supplemental jurisdiction over Ramirez and Keck's remaining claims is proper. The remaining claims all "arise from the same working conditions and relationship with Defendants during the same period as" the fraud claim. *Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) (quoting *Gay v. Pac. Steel Grp.*, No. 20-cv-08442-HSG, 2021 WL 2917095, at *3 (N.D. Cal. June 15, 2021)). Therefore, the claims all derive from "a common nucleus of operative fact" such that "a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (citation omitted). Furthermore, judicial economy counsels in favor of adjudicating all of Ramirez and Keck's claims "in one action, as opposed to splitting them between state and federal court." *Hooks v. S.F. Opera Ass'n*, No. 23-cv-04703-RFL, 2024 WL 1091189, at *3 (N.D. Cal. Jan. 19, 2024).

For the foregoing reasons, the motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 2, 2025

RITA F. LIN
United States District Judge